IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00024-MR

| | | |
|---|---|---|
| HAROLD LEE PLESS,[1] | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIK A. HOOKS, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1] and the Respondent's Motion to Dismiss on Statute of Limitations Grounds [Doc. 8].

**I.  BACKGROUND**

Harold Lee Pless (the "Petitioner") is a prisoner of the State of North Carolina.  On April 28, 2017, the Petitioner was found guilty of the following

---

[1] According to the North Carolina Department of Public Safety's website, the Petitioner is also known as "Harold Lee Pless" "Harold L. Pless" and "Harold Lee Pless, Jr."  See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0325390&searchOffenderId=0325390&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Sept. 28, 2021); Fed. R. Evid. 201.

offenses which all occurred on October 5, 2012:[2] possession with the intent to sell and deliver ("PWISD") a Schedule II controlled substance; PWISD marijuana; trafficking oxycodone by transportation; and trafficking oxycodone by possession, Iredell County Case Nos. 12CRS056462, -63, and -66.[3] [Doc. 9-2 at 2-4]. He was sentenced to between 225 and 279 months' imprisonment. [Id.]. The Petitioner filed a direct appeal, and the North Carolina Court of Appeals affirmed on August 7, 2018. State v. Pless, 260 N.C. App. 707, 817 S.E.2d 498 (N.C. App. 2018).

On June 5, 2019, the Petitioner filed in the North Carolina Supreme Court a "Petition for Writ of Certiorari In Re: Petition for Discretionary Review," pursuant to N.C. Gen. Stat. § 7A-31 and -32(c), and Rules 15 and 21 of the North Carolina Rules of Appellate Procedure. [Doc. 9-8 at 3]. The North Carolina Supreme Court denied the petition on October 30, 2019. State v. Pless, 838 S.E.2d 459 (2019).

---

[2] The Petitioner has filed a separate § 2254 action, Civil Case No. 5:20-cv-00088-MR, addressing offenses that were committed on September 7, 2012 in Iredell County Case Nos. 12CRS56561, -64, and -65.

[3] The § 2254 petition also refers to Iredell County Case No. 12CRS56467; however, the Petitioner was acquitted in that case. [Doc. 9-3 at 2-3].

The Petitioner filed the present § 2254 habeas petition in this Court on February 13, 2020.[4] [Doc. 1]. He argues: "The Motion in Limine to restrict evidence of prior crime and motion to sever of October 5, 2012, renders petitioner's sentences of the offense of September 7, 2012 an illegal sentence of the threshold." [Doc. 1 at 17]. As relief, he appears to ask the Court to consolidate the sentences for the offenses he committed on September 7, 2012 and October 5, 2012,[5] grant him a new trial, and sentence him to time served. [Doc. 1 at 17].

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations. On February 18, 2021, the Court issued an Order advising the Petitioner of his right to respond to the Motion to Dismiss within 30 days. [Doc. 10]. The Petitioner has not responded, and the time to do so has expired.[6] The pending motion is now ripe for review.

---

[4] The Petitioner failed to certify the date upon which he deposited the § 2254 petition in the prison's mailing system. See Rule 3(d), 28 U.S.C. foll. § 2254 (requiring a petitioner to certify the date he deposited the petition into the institution's mailing system). The Court therefore relies on the post-mark date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

[5] He states: "Relief: Consolidated sentences of September 7, 2012 to October 5, 2012 as a result." [Doc. 1 at 17].

[6] The Petitioner's only subsequent filing is a Letter addressed to the "United States Supreme Court," post-marked April 28, 2021, in which he requests an extension of time to "submit [his] habeas corpus," and for the assistance of counsel "to help [him] file [his] habeas corpus." [Doc. 11]. To the extent that the Petitioner intended the Letter to

3

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

constitute his Response to the Motion to Dismiss, it is untimely and fails to address the grounds for dismissal whatsoever. To the extent that he is seeking an extension of time to file a Response and for the appointment of counsel, his requests are denied. The motion for an extension of time is untimely and fails to demonstrate excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). Further, the Petitioner does not have the right to the appointment of counsel in this § 2254 proceeding. See Crowe v. United States, 175 F.2d 799 (4th Cir. 1949).

28 U.S.C. § 2244(d)(1). The limitation period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review…." 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations.

The Petitioner's conviction and sentence became final on or about September 11, 2018, when the time to file a timely petition for discretionary review in the North Carolina Supreme Court expired. N.C. R. App. 14(a) and 15(b) (providing 15 days after the court of appeals issues its mandate to file a notice of appeal and/or petition for discretionary review in the North Carolina Supreme Court); N.C. R. App. 32(b)(unless otherwise ordered by the court, the mandate issues 20 days after the decision is filed). By the time Petitioner filed his petition for discretionary review on June 5, 2019, 267 days of the one-year statute of limitations had already expired. The untimely petition for discretionary review provided no tolling. See 28 U.S.C. § 2244(d)(2) (only "properly filed" applications for state court review toll the statute of limitations). The Petitioner waited a total of 520 days from the date

5

his conviction became final on September 11, 2018, before filing his § 2254 petition in the instant case on February 13, 2020.[7]

The Petitioner does not attempt to demonstrate that statutory or equitable tolling should apply. Accordingly, the § 2254 petition will be dismissed with prejudice as time-barred.

## III. CONCLUSION

For the reasons stated herein, the Respondent's Motion to Dismiss [Doc.8] is granted. The § 2254 petition is untimely and barred by the statute of limitations and the Petitioner fails to establish that he is entitled to equitable or statutory tolling.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief

---

[7] Even if the statute of limitations were tolled during the pendency of the petition for discretionary review, the § 2254 petition was still untimely filed. One hundred six days elapsed between the petition's denial on October 30, 2019 and the filing of Petitioner's § 2254 petition on February 13, 2020, for a total of 373 days of untolled time.

6

is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS THEREFORE ORDERED** that:

(1) The Respondent's Motion to Dismiss on Statute of Limitations Grounds [Doc. 8] is **GRANTED**, and the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

(2) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: October 27, 2021

Martin Reidinger
Chief United States District Judge